IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 05 CR 672 |
| SHAUN CROSS, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are three motions made by the defendant Shaun Cross to dismiss the indictment and suppress illegally obtained video and audio recording. I deny the motions for the reasons set forth below.

### Motion to dismiss the indictment

Defendant Cross and eight co-defendants were indicted for, among other things, bank fraud pursuant to 18 U.S.C. ¶ 1014. Mr. Cross moves to dismiss that count of the indictment for lack of jurisdiction. His argument, based on *United States v. Lopez*, 514 U.S. 549 (1995), is predicated on the theory that Congress exceeded its authority under the Commerce Clause. The bank fraud statute is not an attempt to regulate commerce, and *Lopez* is inapplicable. Section 1014 provides in essence that any one who makes a false statement or report to any institution the accounts of which are insured by the Federal Deposit Insurance Corporation (or to other denominated agencies of the federal banking system) may be fined up

to $1,000,000.00 or imprisoned for not more than 30 years, or both. The statute is one of a number of laws enacted to "afford protection to certain federally charted or insured banks through the imposition of federal criminal sanctions." *United States v. Locklear*, 97 F.3d 196, 198 (7th Cir. 1996). I deny the motion to dismiss.

## Motion to suppress video and audio recording

After Mr. Cross was sentenced by Judge Conlon in Case No. 03 CR 349 and prior to the date on which he was to surrender and begin his sentence, he met with an individual who had represented to him that he could help Mr. Cross leave the country. During two meetings with this individual, referred to by the government as "CW" (for "Cooperating Witness"), Mr. Cross made statements that are alleged to be incriminating with respect to charges in the present indictment. Mr. Cross alleges that he was unaware that he was being video and audio taped, that the taping was unlawful under the Illinois Eavesdropping Act, 720 ILCS 5/14-1 et seq., and that the tapes should therefore be suppressed.

Questions of the admissibility of evidence in federal criminal prosecutions do not turn on state law. *United States v. Infelice*, 506 F.2d 1358, 1365 (7th Cir. 1974); *United States v D'Antoni*, 874 F.2d 1214, 1218 (7th Cir. 1989)(taped conversations which would have been inadmissible under Wisconsin law, properly admitted in federal criminal trial).

I therefore deny the motion to suppress the video and audio tapes.

**ENTER ORDER:**

_Elaine E Bucklo_

**Elaine E. Bucklo**
United States District Judge

Dated: February 23, 2006